## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| MAURICE FITZGERALD<br>      Plaintiff, | § | |
| | | |
| V. | § | CIVIL ACTION NO. 4:13-cv-3320 |
| | | |
| QUICK-CATCH TRUCKING, INC. and<br>BRIAN BARKER, Individually,<br>      Defendants. | § | JURY DEMANDED |

### PLAINTIFF'S ORIGINAL COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq.* (1994 ed. and Supp. III) ("FLSA"). This action is brought as an individual action to recover unpaid regular, minimum wage and overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Maurice Fitzgerald ("Plaintiff").

### Parties

1.      Plaintiff Maurice Fitzgerald was an "employee" of Defendants, as that term is defined by the FLSA, and is represented by the undersigned. During his employment with the Defendants, the Plaintiff was, individually, directly engaged in interstate commerce, and his work was essential to Defendants' business.

2.      Defendant, Quick-Catch Trucking, Inc. ("Quick-Catch") is a Texas corporation that employed the Plaintiff. With respect to Plaintiff, Quick-Catch is subject to the provisions of the FLSA, as it was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Quick-Catch may be served with process through its registered agent, Debra L. Barker, 270 CR 4867, Dayton, Texas 77535, 803 Pickford Drive, Katy, Texas 77450, or wherever she may be found.

3.      Defendant Brian Barker ("Barker") is an individual who was an "employer" as that term is defined by the FLSA. With respect to Plaintiff, Barker is subject to the provisions of

the FLSA, as he was at all relevant times or was part of an enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s).  Barker may be served with process at 270 CR 4867, Dayton, Texas 77535, 803 Pickford Drive, Katy, Texas 77450, or wherever he may be found.

4. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### Factual Allegations

5. Plaintiff was employed by Defendants from June of 2013 until October, 2013. During one or more weeks of his tenure with the Defendants, the Plaintiff worked in excess of 40 hours per week.

6. During one or more weeks of Plaintiff's employment with Defendants wherein Plaintiff worked in excess of 40 hours, Defendants failed to pay Plaintiff the overtime premium required by the FLSA.

7. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

8. Plaintiff did not ever serve in the capacity of an executive, administrator, professional or outside sales representative, as those terms are understood pursuant to 29 C.F.R. §541.  Plaintiff was not exempt from the protection of the FLSA.

9. Defendant Barker is an owner and control person of Quick-Catch, and is personally involved in the day-to-day operations of the business enterprise at issue, and in the establishment and enforcement of personnel policies, compensation policies and recordkeeping responsibilities of the business.

10. Barker has the authority to hire, discipline and fire employees, and to determine employee compensation.

11. The Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

12. Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

13. Defendants are liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation for the three-year-period preceding the filing of this lawsuit as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

### Jury Demand

14. Plaintiff demands a trial by jury on all claims he has asserted herein.

### Prayer for Relief

WHEREFORE, Plaintiff demands:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;
2. Judgment against Defendants that their violations of the FLSA were willful;
3. An amount equal to the unpaid wages damages as liquidated damages;
4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
5. All costs, recoverable expenses and attorney's fees incurred prosecuting these claims;
6. Leave to amend to add claims under applicable state laws; and
7. For such further relief as the Court deems just and equitable.

Respectfully Submitted,


ROSS LAW GROUP

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
1201 Prince Street
Houston, Texas  77008
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR**
**PLAINTIFF MAURICE FITZGERALD**

**ROSS LAW GROUP**

CHARLES L. SCALISE
Texas Bar No. 24064621
DANIEL B. ROSS
Texas Bar No. 00789810
1104 San Antonio St.
Austin, Texas 78701
**ATTORNEYS FOR PLAINTIFF**